**HERAEUS AMERSIL, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 86–1526.**

United States Court of Appeals, Federal Circuit.

Feb. 26, 1987.

Richard C. King, Fitch, King & Caffentzis, New York City, for appellant.

Barbara M. Epstein, Commercial Litigation Branch, Dept. of Justice, New York City, for appellee. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Washington, D.C., and Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, New York City.

Before MARKEY, Chief Judge, RICH, and SMITH, Circuit Judges.

RICH, Circuit Judge.

This appeal presents the question whether the Court of International Trade correctly held that Heraeus Amersil's (Heraeus) imported "bell jars" were properly classified by Customs under item 548.05 of the Tariff Schedules of the United States (TSUS) as "Articles not specially provided for, of glass: Other" or should be classified, as urged by Heraeus below and on appeal, under item 548.01 TSUS as "Tubes and tubing with ends processed: Containing over 95 percent silica by weight...." We affirm.

The parties stipulated that these articles are invoiced as "Rotosil tubes" with one end hemispherically closed, or as bell jars, and are not "tubing," as distinguished from "tubes." These bell jars are large and cylindrical, made of fused silica, have one end closed in approximately hemispherical shape and the other end open. They have a sandy textured exterior surface and a smooth, glossy interior surface. These articles are up to 36 inches in diameter, 94 inches in height, and have wall thicknesses from $3/8$ to $3/4$ inches. At trial, the judge saw a sample of one of the articles having an 11–inch diameter, and a 20–inch height, and a $3/8$–inch wall thickness.

The judge held that Heraeus did not overcome the presumption that the government's classification is correct by showing that the imported merchandise is more specifically provided for as tubes under item 548.01 than as tubes, "Other" in item 548.-05. We *affirm* on the basis of Judge Carman's thorough March 26, 1986, opinion. Like the court below, we do not find the cases cited by appellant to be controlling or persuasive.

AFFIRMED.