HERAEUS-AMERSIL, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 85–05–00671

(Dated September 22, 1989)

*Fitch, King and Caffentzis (James Caffentzis)* for the plaintiff.
*Stuart E. Schiffer,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Barbara M. Epstein*) for the defendant.

### OPINION

CARMAN, *Judge:* Defendant moved under Rule 56 of the Rules of this Court for summary judgment, which would have denied plaintiff's claim that the imported merchandise should have been classified differently and sustained the original classification. At oral argument held on September 19, 1989, this Court denied defendant's motion for summary judgment, stating that there appeared to be material questions of fact involved in the instant case.

---

## BACKGROUND AND FACTS

Plaintiff is the importer of record of the merchandise it describes as Rotosil opaque fused quartz round tubes with one end closed, in various dimensions. The United States Customs Service classified the merchandise as articles, not specially provided for, of glass, other than tubes and tubing with the ends processed, under item 548.05 TSUS (1983), as modified by T.D. 68–9. The assessment of duty was at the rate of 9.6 percent *ad valorem.* Plaintiff contends that the merchandise should be classified as articles not specially provided for, of glass: tubes with ends processed, containing over 95 percent silica by weight, under item 548.01 TSUS (1983) as modified by T.D. 68–9 at the rate of 5.9 percent *ad valorem.*

The merchandise in the instant case is the same or similar to the merchandise which was the subject of *Heraeus-Amersil, Inc.* v. *United States,* 10 CIT 197, 658 F. Supp. 290 (1986), *aff'd,* 811 F.2d 1503 (Fed. Cir. 1987) (hereinafter *Heraeus I*). This merchandise was classified under item 548.05 TSUS in *Heraeus I,* where the Court of Appeals for the Federal Circuit affirmed this Court's determination that the merchandise was properly classified as articles, not specially provided for, of glass, other than tubes and tubing with the ends processed.

## CONTENTIONS OF THE PARTIES

Defendant contended that it was entitled to summary judgment because there were no genuine material issues of fact in dispute and under the doctrine of *stare decisis,* the holding of the Court in *Heraeus I* was controlling. Defendant further contended that even if plaintiff's newly presented facts were true, those facts did not demonstrate that *Heraeus I* was clearly erroneous, therefore, the classification from *Heraeus I* should stand.

Plaintiff contended that the issue presented in the instant case which was not presented in *Heraeus I* was whether the uses of the merchandise go beyond those ordinarily associated with tubes of fused silica. Plaintiff noted that the Court in *Heraeus I* indicated that the articles were not tubes because they were "specifically designed and manufactured to perform functions not commonly understood to be those performed by tubes." 10 CIT at 202, 658 F. Supp. at 294–95. Plaintiff argued that the Court in *Heraeus I* misunderstood the use of the merchandise in question and that the primary use of the merchandise was as a tube.

## DISCUSSION

Summary judgment may be granted under Rule 56 of the rules of this Court if "there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *SRI International* v. *Matsushita Electric Corp. of America,* 775 F.2d 1107, 1116 (Fed. Cir. 1985). In the instant case, summary judgment was denied since

there appeared to be material questions of fact which are in dispute. The use of the merchandise as noted in both plaintiff's briefs and points made during oral argument appears to present such a question.

This Court is not convinced that the doctrine of *stare decisis* should apply in a situation where a party is prepared to present new evidence to prove that a previous classification of merchandise was in error. *See Schott Optical Glass Inc., v. United States,* 3 Fed. Cir. (T) 35, 36, 750 F.2d 62, 65 (1984) ("The opportunity to relitigate applies to questions of construction of the classifying statute as well as to questions of fact as to the merchandise.") (citing *United States v. Stone & Downer Co.,* 274 U.S. 225 (1927)).

## CONCLUSION

For the above-stated reasons, this Court denied defendant's motion for summary judgment after oral argument on September 19, 1989.