**JOHN C. ROGERS & CO., INC., a/c Hoeganaes Sponge Iron Corp., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 75–14.**

United States Court of Customs and Patent Appeals.

Nov. 6, 1975.

Shaw & Stedina, New York City, Attys. of record, for appellant; Charles P. Deem, New York City, of counsel.

Carla A. Hills, Rex E. Lee, Asst. Attys. Gen., Andrew P. Vance, Chief, Customs Section, John J. Mahon, New York City, for the United States.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

PER CURIAM.

The same issue[1] involving the same parties was decided adversely to appellant by the Customs Court in *John C. Rogers & Co., Inc., a/c Hoeganaes Sponge Iron Corp. v. United States,* 64 Cust.Ct. 12, C.D. 3952, 386 F.Supp. 1391 (1970). This court affirmed the judgment of the Customs Court, holding that its determination was not clearly contrary to the weight of the evidence. 58 CCPA 104, C.A.D. 1012, 436 F.2d 1034 (1971).

During the trial of this second case, appellant introduced testimony of two experts ·in the refractory field for the purpose of establishing the common meaning of "fire brick." One of these experts had testified at the trial of the first case, the record of which has been incorporated here. Appellee introduced testimony of one expert at the trial of the first case and testimony of another expert during the trial of this case. The Customs Court, after considering the testimony of the witnesses on both direct and cross-examination, concluded that their "conflicting testimony" was "inconclusive," placed its reliance on lexicons and other publications relied upon by the trial court in the first case, and rejected appellant's claim that its importations were classifiable as "fire brick" under paragraph 201(a) of the Tariff Act of 1930, as modified.

■ Appellant has not demonstrated error in the decision of the Customs Court on this issue in this case or clear error in this court's affirmance of the Customs Court's judgment in the first *Rogers* case. Accordingly, the rule of stare decisis applies. *United States v. Dodge & Olcott, Inc.,* 47 CCPA 100, 103, C.A.D. 737 (1960).

■ Appellant has raised another issue not present in the first *Rogers* case, claiming that its importations should be classified alternatively as manufactures in chief value of artificial abrasive under paragraph 1514, Tariff Act of 1930, as modified by T.D. 52739 (with duty at 5% ad valorem). No error has been shown in the decision of the Customs Court on this issue.

In view of the foregoing, the judgment of the Customs Court is *affirmed.*

*Affirmed.*

1. Whether appellant's importations, although falling within the general classification of "articles . . . composed wholly . . . of earthy or mineral substances" under paragraph 214, Tariff Act of 1930, as modified by T.D. 51802 (with duty as 15% ad valorem), are otherwise specially provided for, namely, as "fire brick" under paragraph 201(a), Tariff Act of 1930, as modified by T.D. 54108 (with duty at 5% ad valorem), as claimed by appellant.