**SCHOTT OPTICAL GLASS, INC., Appellant,**

v.

**UNITED STATES, Appellee.**

**Appeal No. 84–1040.**

United States Court of Appeals, Federal Circuit.

Dec. 11, 1984.

Richard C. King (argued), Fitch, King & Caffentzis, New York City, for appellant.

John J. Mahon (argued), Dept. of Justice, New York City, for appellee. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Washington, D.C., and Joseph I. Liebman, Charge Intern. Trade Field Office, New York City.

Carl W. Schwarz and Wesley K. Caine, Metzger, Shadayc & Schwarz, Washington, D.C., was on brief, for amicus curiae.

Before FRIEDMAN, BENNETT, and NEWMAN, Circuit Judges.

FRIEDMAN, Circuit Judge.

This is an appeal from the judgment of the United States Court of International Trade in *Schott Optical Glass, Inc. v. United States*, 587 F.Supp. 69, sustaining the Customs Service's classification of the appellant's imported glass. That court held that a prior decision upholding the identical classification of similar glass the appellant imported was *stare decisis*, and it refused to allow the appellant to introduce evidence designed to show that the prior decision was clearly erroneous. We reverse and remand to allow the appellant to produce that evidence.

## I

The merchandise consists of seven types of filter glass used in optical instruments such as spectrometers, spectrophotometers and solar filter simulators. Two of the filters—one nearly colorless and the other colorless—transmit visible light while absorbing specific wavelengths in the ultraviolet or infrared spectrum. The remaining five types are dark glass which absorb most of the visible light, transmitting either the ultraviolet or infrared light.

The Customs Service classified the importations as "other optical glass" under item 540.67 of the Tariff Schedules of the United States (TSUS). The appellant (Schott) contends that six of the seven should have been classified as "colored or special glass" under item 542.92 and the remaining type as "ordinary glass" under item 542.42.

There was an earlier case between the same parties in which the courts upheld the Customs Service's classification as "optical glass" of colored filter glass imported by the appellant. In *Schott Optical Glass, Inc. v. United States*, 468 F.Supp. 1318 (Cust.Ct.), aff'd 612 F.2d 1283 (CCPA 1979) (*Schott I*), the Customs Court, on the basis of prior decisions, ruled that glass classified as optical glass under item 540.67 TSUS is presumed to be (a) very high quality, (b) used for optical instruments, and (c) capable of performing an optical function, 468 F.Supp. at 1322. It held that Schott failed to sustain its burden of proving that its glass did not come within the foregoing standards. The Court of Customs and Patent Appeals affirmed, holding that the common meaning of optical glass (which governed its tariff classification) does not include the additional requirement (which Schott urged it did) that the glass have a specifically controlled refractive index and dispersion. 612 F.2d at 1286.

During the trial of the present case, the Court of International Trade ruled that *Schott I* had determined the common meaning of "optical glass" for tariff purposes and that it was bound by that decision. The court excluded all evidence relating to the common meaning of the tariff term, which Schott wanted to introduce to show that the earlier decision in *Schott I* was

clearly erroneous because it adopted an erroneous meaning for "optical glass."

The Court of International Trade concluded that under *stare decisis* the common meaning of optical glass as determined in *Schott I* was controlling. 587 F.Supp. at 71. The court rejected Schott's claim that the former decision was clearly erroneous, stating that the Court of Customs and Patent Appeals had already rejected the arguments upon which that claim rests. The court held that the filters in this case met the three-part test for optical glass and that the Customs Service therefore had properly classified them in that category.

## II

■ In *United States v. Stone & Downer Co.*, 274 U.S. 225, 47 S.Ct. 616, 71 L.Ed. 1013 (1927), the Supreme Court held that in customs classification cases a determination of fact or law with respect to one importation is not *res judicata* as to another importation of the same merchandise by the same parties. The opportunity to relitigate applies to questions of construction of the classifying statute as well as to questions of fact as to the merchandise. 274 U.S. at 236, 47 S.Ct. at 619. This narrow exception to the doctrine of *res judicata* applies only in customs classification cases and not in reappraisement cases. *See J.E. Bernard & Co. v. United States*, 324 F.Supp. 496 (Cust.Ct.1971).

Under *Stone & Downer*, the doctrine of *res judicata*—which bars litigation by the same parties of the same issues previously adjudicated, *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948)—would not bar Schott from relitigating either the meaning of "optical glass" or the classification of its filters in this case as within that category. The Court of International Trade, however, held that such relitigation was barred by *stare decisis*, under which courts generally refuse to examine legal issues previously decided in another case. *United States v. Mercantil Distribuidora, S.A.*, 45 CCPA 20, 23–24 (1957). The Court of International Trade held that the meaning of "other

optical glass" had been decided in *Schott I* and that that decision precluded it from considering Schott's attempt to relitigate the meaning of that term.

■ There is a well-recognized exception to *stare decisis*, however: A court will reexamine and overrule a prior decision that was clearly erroneous. *H.W. Robinson Airfreight Corp. v. United States*, 48 CCPA 148 (1961); *Adolphe Hurst & Co. v. United States*, 33 CCPA 96 (1946). In the present case, Schott sought to introduce evidence, much of which it says it did not introduce in the prior case, to show that the court's interpretation of "other optical glass" in *Schott I* was clearly erroneous.

■ In refusing to receive that evidence, the Court of International Trade did not rule that the evidence added nothing to what was before the court in *Schott I* and therefore could not show that that decision was clearly erroneous. Instead, it apparently applied the principle of *res judicata* —that the parties cannot relitigate an issue resolved in an earlier case—to the different issue whether *stare decisis* is inapplicable because the prior decision was clearly erroneous. Thus, after refusing to admit evidence relating to the definition of "optical glass," the court rejected Schott's arguments designed to show that the prior decision was clearly erroneous because "these same arguments were presented to the Court of Customs and Patent Appeals by this same plaintiff in *Schott I* and were rejected." 587 F.Supp. at 71. The issue, however, is not whether the arguments are the same but whether the new evidence would show that the rejection of those arguments in the prior case was clearly erroneous.

If the importer cannot introduce new evidence relating to the correctness of the prior decision, frequently it will be impossible for it ever to build the foundation for the legal argument that that decision was clearly erroneous. In the present case, for example, Schott sought to introduce additional expert testimony and excerpts from treatises dealing with the meaning of "opti-

cal glass" designed to show that the prior decision had misinterpreted that term. In a number of cases, including several that the Court of International Trade cited, the parties were permitted to relitigate the common meaning of tariff terms, with or without the introduction of new evidence. *See John C. Rogers & Co. v. United States,* 524 F.2d 1220 (CCPA 1975); *United States v. Dodge & Olcott, Inc.,* 47 CCPA 100 (1960); *United States v. Mercantil Distribuidora, S.A.,* 45 CCPA 20 (1957); *Adolphe Hurst & Co. v. United States,* 33 CCPA 96 (1946). The Court of International Trade has not given any convincing explanation why Schott should be denied the opportunity to introduce additional evidence that it believes will establish that *Schott I* was clearly erroneous.

Schott, in effect, made an extensive offer of proof of what the new evidence would show. We cannot say whether that evidence, when added to the evidence in the prior case and subjected to cross-examination when testimonial, would cause either the Court of International Trade or this court on appeal to conclude that the prior decision was clearly erroneous. Considering all the circumstances of this case, however, we conclude that Schott should have been allowed to offer the additional evidence it believed would undermine the prior decision.

In so ruling, we intimate no opinion on what effect, if any, that evidence would have in evaluating the correctness of *Schott I.* Nor do we suggest that the Court of International Trade necessarily must admit every item of evidence that Schott offers. The admissibility of each item must be determined by that court upon the basis of the usual criteria of relevance, probative force, authenticity, accuracy, etc.

Cumulative evidence may or may not be relevant on particular issues. If, for example, the record in the prior case contained only two or three dictionary or scientific treatise definitions of "optical glass," the existence of an additional large number of similar definitions, although cumulative to the material in the earlier case, nevertheless by sheer volume might raise doubts about the court's earlier rejection of those definitions.

These questions of admissibility and weight are for the Court of International Trade to decide in the first instance. We hold only that that court erred in its blanket exclusion of all of Schott's evidence.

## CONCLUSION

The decision of the Court of International Trade is reversed, and the case is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**