**AVENUES IN LEATHER, INC.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–1239.

United States Court of Appeals,
Federal Circuit.

Jan. 29, 2003.

See also 178 F.3d 1241.

James Caffentzis, Fitch, King and Caffentzis, of New York, NY, argued for plaintiff-appellant.

Amy M. Rubin, Attorney, Civil Division, International Trade Field Office, Department of Justice, of New York, NY, argued for defendant-appellee. With her on the brief were Robert D. McCallum, Jr., Assistant Attorney General; and David M. Cohen, Director, Commercial Litigation Branch, Department of Justice, of Washington, DC; and John J. Mahon, Acting Attorney in Charge, Civil Division, International Trade Field Office, of New York, NY. Of counsel on the brief was Karen P. Binder, Assistant Chief Counsel, International Trade Litigation, U.S. Customs Service, of New York, NY.

Before CLEVENGER, SCHALL and LINN, Circuit Judges.

CLEVENGER, Circuit Judge.

Avenues in Leather, Inc. ("Avenues") appeals the Court of International Trade's

grant of summary judgment upholding the tariff classification and rate of duty imposed by the United States Customs Service on certain imported folio merchandise. Because the Court of International Trade applied the wrong legal standard in its evaluation of the motion and improperly estopped Avenues from litigating the merits of its case, we reverse the grant of summary judgment and remand the case for further proceedings.

## I

### A

This is not the first time that the parties have disputed the proper tariff classification of this type of merchandise. Avenues and the Customs Service have previously disagreed over the correct tariff classification for the goods Avenues imports. *See Avenues in Leather, Inc. v. United States*, 178 F.3d 1241 (Fed.Cir.1999) (*"Avenues I"*).

In *Avenues I*, the imported goods were leather-covered folios used to store, organize and carry papers, books, pens, pencils, and the like. Upon importation, the Customs Service classified those goods under subheading 4202.11.00, as leather-covered containers. Avenues disagreed, arguing that the goods should be classified under subheading 4820.10.20, as diaries, notebooks and similar articles. The Court of International Trade agreed with the Customs Service.

On appeal, we affirmed the trial court's decision. We held that, under the *ejusdem generis* analysis, the common characteristic or unifying purpose of the goods in heading 4202 consisted of "organizing, storing, protecting, and carrying various items," *id.* at 1245 (citing *Totes, Inc. v. United States*, 69 F.3d 495, 498 (Fed.Cir. 1995)), and that the imported goods fell within that description. We rejected Avenues's contention that the goods in question should have been ejusdem generis classified under heading 4820. *Id.*

### B

This current appeal turns on the proper tariff classification of two other styles of folios imported by Avenues. The disputed goods, style numbers 3532 and 3533 "Presentation Calcu–Folios," measure approximately 13.5 inches tall by 11.5 inches wide by 1.5 inches deep when closed, are zippered on three sides with an interior sleeve, possess one exterior open flat pocket and a number of small interior pockets, have a single padded carrying handle fitted to the exterior spine, are constructed of paperboard covered with plastic foam and a vinyl/plastic exterior and interior, contain a calculator, and have an interior three-ring metal binder permanently affixed to the spine.

The Customs Service classified the Calcu–Folio goods under subheading 4202.12.20 of the Harmonized Tariff Schedule of the United States ("HTSUS") and assessed duty on the merchandise at the rate of 20 percent *ad valorem*. Subheading 4202.12.20 provides:

Heading 4202: Trunks, suitcases, vanity cases, attaché cases, briefcases, school satchels, spectacle cases, binocular cases, camera cases, musical instrument cases, gun cases, holsters and similar containers; traveling bags, insulated food or beverage bags, toiletry bags, knapsacks and backpacks, handbags, shopping bags, wallets, purses, map cases, cigarette cases, tobacco pouches, tool bags, sports bags, bottle cases, jewelry boxes, powder cases, cutlery cases and similar containers, of leather or of composition leather, of sheeting of plastics, of textile materials, of vulcanized fiber or of paperboard, or wholly or mainly covered with such materials or with paper:

Trunks, suitcases, vanity cases, attaché cases, briefcases, school satchels and similar containers:

    4202.12 With outer surface of plastics or of textile materials:

        4202.12.20 With outer surface of plastics . . . . . . . . . . . . . . . . . . . .20%

Avenues disagrees with the Customs Service's classification of the folios, and contends that the merchandise is properly classifiable under Subheading 4820.30.00 of the HTSUS at a rate of 4.2 percent *ad valorem.* Subheading 4820.30.00 provides:

Heading 4820: Registers, account books, notebooks, order books, receipt books, letter pads, memorandum pads, diaries and similar articles, exercise books, blotting pads, binders (looseleaf or other), folders, file covers, manifold business forms, interleaved carbon sets and other articles of stationery, of paper or paperboard; albums for samples or for collections and book covers (including cover boards and book jackets) of paper or paperboard:

    4820.30.00 Binders (other than book covers), folders and file

      covers . . . .4.2%

Avenues protested the Customs Service's classification by filing a complaint in the Court of International Trade. After filing its answer, the Government moved for summary judgment.

Acting on the motion, the court granted summary judgment in favor of the Government. After noting the parties' arguments in its opinion, the Court of International Trade found that the Calcu–Folio goods in this case were substantially similar to the merchandises considered in *Avenues I.* The trial court then reasoned that, to avoid summary judgment, Avenues had to prove that our decision in *Avenues I* was "clearly erroneous." Because it deemed Avenues's affidavit evidence insufficient to prove the requisite clear error, the trial court granted the Government's motion and entered final judgment against the importer. Avenues timely appealed, vesting us with jurisdiction under 28 U.S.C. § 1295(a)(5).

## II

         Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." U.S.Ct. Int'l Trade R. 56(c); *see also Lynteq, Inc. v. United States,* 976 F.2d 693 (Fed.Cir.1992). In reviewing the Court of International Trade's grant of summary judgment for correctness as a matter of law, we decide *de novo* whether genuine issues of material fact existed and whether the moving party was entitled to judgment as a matter of law. *JVC Co. of Am. v. United States,* 234 F.3d 1348, 1351 (Fed. Cir.2000) (citing *Carl Zeiss, Inc. v. United States,* 195 F.3d 1375, 1378 (Fed.Cir.1999)). If we determine that there is no dispute of material facts, our review of the classification of the goods collapses into a determination of the proper meaning and scope of the HTSUS terms that, as a matter of statutory construction, is a question of law. *Mead Corp. v. United States,* 283 F.3d 1342, 1345–46 (Fed.Cir.2002).

## III

### A

In this case, the Court of International Trade confused and confounded two related doctrines of repose. Under the guise of *stare decisis,* the trial court improperly applied the doctrine of collateral estoppel. We take this opportunity to delineate the difference between these two principles.

The Calcu–Folio merchandise in question in this case is similar to, although not exactly the same as, the merchandise cor-

rectly classified under subheading 4202.11.00 in *Avenues I.* In this case, Avenues seeks to establish that the goods in question are correctly classified, *eo nomine,* as "binders (other than covers), folders and file covers." However, in adjudicating this dispute, the Court of International Trade erroneously assumed that the Calcu–Folios' similarity to the *Avenues I* goods disposed of this classification dispute.

Although the goods in question in this case are admittedly quite similar to the merchandise whose classification was finally adjudicated in *Avenues I,* the doctrine of issue preclusion does not hold sway over classification disputes under U.S. Customs law. Long ago, in *United States v. Stone & Downer Co.,* 274 U.S. 225, 47 S.Ct. 616, 71 L.Ed. 1013 (1927), the Supreme Court held that collateral estoppel does not prevent an importer from successive litigation over the classification of merchandise, even when the subsequent importations involve the "same issue of fact and the same question of law." *Id.* at 234, 47 S.Ct. 616. Under the public policy adopted by the Supreme Court in *Stone & Downer,* each new entry is a new classification cause of action, giving the importer a new day in court. *See id.* at 236–37, 47 S.Ct. 616.

Although an importer is free to challenge anew a previous classification of merchandise under the rule of *Stone & Downer,* we have decided that the importer is burdened by the doctrine of stare decisis. *See Schott Optical Glass, Inc. v. United States,* 750 F.2d 62, 64–65 (Fed.Cir. 1984). In *Schott Optical Glass,* an importer of filter glass used in optical instruments disagreed with the Customs Service over classification of the filter glass. The Customs Service classified the glass as "other optical glass," and the importer argued for classification as "colored or special glass" or "ordinary glass." The Customs Court determined that "optical glass"

had a special meaning that encompassed the goods in question, and the Court of Customs and Patent Appeals (one of our predecessor courts) affirmed that decision. *See Schott Optical Glass, Inc. v. United States,* 82 Cust.Ct. 11, 468 F.Supp. 1318, 1326 (Cust.Ct.), *aff'd,* 67 C.C.P.A. 32, 612 F.2d 1283 (CCPA 1979).

Subsequently, additional imports of similar merchandise were classified as "other optical glass." Schott Optical brought suit, alleging that the definition of "optical glass" in the previous adjudication was clearly erroneous and therefore inapplicable to the subsequent imports. The Court of International Trade, succeeding to the jurisdiction of the Customs Court, permitted the suit to go forward under *Stone & Downer,* but held that the Customs Court's previous definition of "optical glass" was *stare decisis,* precluding Schott Optical's challenge to the subsequent classifications. On appeal to this court, we held that the doctrine of stare decisis indeed tempers the rule of *Stone & Downer,* but we also held that a well-recognized exception to stare decisis applies to customs classification litigation: a court will reexamine and overrule a previous legal determination that is clearly erroneous. *Schott Optical Glass,* 750 F.2d at 64. Because the Court of International Trade had denied Schott Optical the opportunity to challenge the previous legal definition of "optical glass," we remanded the case to give the importer the opportunity to show that the previous legal determination was clearly erroneous.

This background provides the context in which the Court of International Trade decided Avenues's challenge to the classification of its goods under subheading 4202.12.20.

B

■ In ruling on the summary judgment motion, the Court of International

Trade construed Avenues's challenge as an attempt to relitigate *Avenues I* by invoking the exception to stare decisis. The trial court thus imposed upon the importer the burden of proving that our prior decision was "clearly erroneous."

In doing so, the Court of International Trade incorrectly applied the rule of *Schott Optical Glass* because this case does not involve an attempt to disturb stare decisis. The only legal issue we addressed in *Avenues I* was a determination that, in an ejusdem generis analysis, the common characteristic or unifying purpose of Heading 4202 merchandise consists of "organizing, storing, protecting, and carrying various items." *Avenues I*, 178 F.3d at 1245 (citing *Totes*, 69 F.3d at 498). The importer does not challenge that rule as stated in *Avenues I*, and as applied to the merchandise in question in that case. Avenues even concedes on appeal that it did not, and does not, wish to relitigate that decision. It only seeks a chance to present evidence that its Calcu–Folios are not similar to the containers in sub-heading 4202.12.20. Accordingly, the trial court evaluated the motion for summary judgment under an erroneous legal standard and imposed an improper burden on Avenues.

### C

In assuming that Avenues attempted to relitigate the holding of *Avenues I*, the Court of International Trade believed that there was no new issue of fact or law in this case based on its perfunctory decision that the Calcu–Folios were "substantially the same" as the *Avenues I* folios. That assumption caused it to improperly apply the doctrine of collateral estoppel against Avenues.

■ As we explained above, the application of collateral estoppel in customs classification cases is contrary to settled Supreme Court precedent. By refusing to consider Avenues's evidence and determining that *Avenues I's* classification was determinative of this case, the trial court actually estopped the importer from presenting evidence and litigating the proper classification of the Calcu–Folios as allowed by *Stone & Downer*. Because that application of collateral estoppel violates Supreme Court doctrine, we must reverse the trial court's summary judgment.

Even if Supreme Court precedent permitted issue preclusion in this litigation, collateral estoppel could not apply in this case because of new issues of fact and law that are different from those in *Avenues I*. See *Tex. Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1568 (Fed.Cir.1996) (providing that collateral estoppel must involve the same issue of fact or law). The goods in this case are different from the merchandise in *Avenues I*. In the previous appeal, we reviewed Avenues's challenge to the Customs Service's tariff classification of the "Pro–Folio" line (style 3345) and the "Present–O–Folio" lines (styles 3343, 3345, 3349). *Avenues I*, 178 F.3d at 1242–43; *Avenues in Leather, Inc. v. United States*, 11 F.Supp.2d 719, 721–22 (Ct. Int'l Trade 1998), *aff'd*, 178 F.3d 1241 (Fed.Cir.1999). The present litigation involves a challenge to the tariff classification of Calcu–Folio style numbers 3532 and 3533, not the Pro Folio or the Present O Folio goods at issue in *Avenues I*. Moreover, different issues of law are presented in this litigation. This case implicates HTSUS subheadings different from those at issue in *Avenues I*. In our previous decision, we rejected Avenues's attempt to classify its folios under subheading 4820.10.20 and upheld the Customs Service's classification under subheading 4202.11.00. *Avenues I*, 178 F.3d at 1244–46. Here, Avenues asserts that its Calcu–Folios should be classified eo nomine under subheading 4820.30.00 rather than ejusdem generis under subheading

4202.12.20. Because this is a new entry and because a court has not previously classified the Calcu–Folios, the trial court should not have estopped Avenues from presenting its case at trial. *See Stone & Downer,* 274 U.S. at 236–37, 47 S.Ct. 616.

Consequently, the Court of International Trade erred when it applied collateral estoppel to this case and failed to consider whether Avenues's evidence could create a genuine issue of triable fact. This is a new entry and thus a new case. Avenues was entitled to a trial on the classification of the Calcu–Folios.

## IV

In sum, the Court of International Trade applied the wrong standard in assessing the motion for summary judgment and improperly applied the doctrine of collateral estoppel to this case. We therefore reverse the grant of summary judgment and remand this case for further proceedings consistent with this opinion.

## REVERSED AND REMANDED