**Slip Op. 08-31**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

_____
                                    :
WARNER-LAMBERT COMPANY,             :
                                    :
              Plaintiff,            :
                                    :  Consolidated
              v.                    :  Court No.: 02-00520
                                    :
UNITED STATES,                      :
                                    :
              Defendant.            :
_____ :


**Held**: Plaintiff's motion for summary judgment is granted in part and denied in part. Plaintiff's motion for sanctions is denied.

                              Dated: March 14, 2008


Rode & Qualey, (Patrick D. Gill); of counsel: Eleanore Kelly-Kobayashi, for Warner-Lambert Company, Plaintiff.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Barbara S. Williams, Attorney-in-Charge, International Trade Field Office, Bruce N. Stratvert, Civil Division, Commercial Litigation Branch, United States Department of Justice; of counsel: Chi S. Choy, International Trade Litigation, United States Customs and Border Patrol, for the United States, Defendant.


**OPINION**

**TSOUCALAS, Senior Judge:** Plaintiff Warner-Lambert Company ("Plaintiff" or "WLC") challenges the classification of the merchandise at issue by the United States Bureau of Customs and Border Protection ("Customs") under subheading 1704.90.35 of the Harmonized Tariff Schedule of the United States ("HTSUS") covering

"confections or sweetmeats ready for consumption, other."
Plaintiff maintains that the merchandise is properly classified
under subheading 3306.90.00, HTSUS, as "preparation for oral or
dental hygiene, other."  This matter is before the Court on
Plaintiff's motion for summary judgment pursuant to USCIT R. 56.
Plaintiff also moves for sanctions against Defendant pursuant to
USCIT R. 11(c).

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28
U.S.C. § 1581 (2000).

## STANDARD OF REVIEW

On a motion for summary judgment, the Court must determine
whether there are any genuine issues of fact that are material to
the resolution of the action.  See Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 248 (1986).  A factual dispute is genuine if it might
affect the outcome of the suit under the governing law.  See id.
Accordingly, the Court may not decide or try factual issues upon a
motion for summary judgment.  See Phone-Mate, Inc. v. United
States, 12 CIT 575, 577, 690 F. Supp. 1048, 1050 (1988).  When
genuine issues of material fact are not in dispute, summary
judgment is appropriate if a moving party is entitled to judgment

as a matter of law.  See USCIT R. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).


## DISCUSSION

### I. Background

This consolidated action concerns the proper classification of the subject merchandise, which Plaintiff purports to be Certs® Powerful Mints.  See Complaint ¶ 6; Answer ¶ 6.  Certs® Powerful Mints are sugar-free breath mints containing the active ingredient Retsyn®, which consists of partially hydrogenated cottonseed oil and copper gluconate.  See Complaint ¶¶ 9, 11, 12; Answer ¶¶ 9, 11, 12.  Customs liquidated the subject entries under subheading 1704.90.35 as a sugar confectionery.  See Complaint ¶ 7; Answer ¶ 7.  WLC timely protested said classification pursuant to 19 U.S.C. § 1514.  See Complaint, ¶ 4; Answer ¶ 4.

The United States Court of Appeals for the Federal Circuit ("CAFC") previously considered the sugar-free Certs® Powerful Mints (hereinafter "test case") and found them to be properly classified under subheading 3306.90.00, HTSUS, covering oral or dental hygiene products.  See Warner-Lambert Co. v. United States, 407 F.3d 1207 (Fed. Cir. 2005).  Familiarity with the CAFC's opinion in Warner-Lambert Co. v. United States, 407 F.3d 1207 and the trial court's opinion in Warner-Lambert Co. v. United States, 28 CIT 788, 343 F.

Supp. 2d 1315 (2004), is presumed.

Plaintiff maintains that the goods covered in the subject entries are identical to the Certs® Powerful Mints considered in the test case.  See Mem. Supp. Pl.'s Mot. Summ. J. ("Pl.'s Mem.") at 1-7.  Plaintiff also argues that the Court should rule in its favor by application of the principles of res judicata or stare decisis.  See Pl.'s Mem. at 8-10.  Customs concedes that if the subject merchandise is in fact identical to the Certs® Powerful Mints considered in the test case, then it would be properly classified under subheading 3306.90.00, HTSUS.  See Def.'s Mem. Supp. Opp. Pl.'s Mot. Sum. J. at 4.  However, Customs contends that summary judgment is inappropriate because there are material facts in dispute concerning whether the merchandise is in fact Certs® Powerful Mints.  See id. at 2-3.

All liquidated duties with respect to the subject entries were paid prior to the commencement of this action.  See Complaint ¶ ; Answer ¶ 5.  On August 14, 2007, the record of the test case was incorporated in the record of this case.


## II. Res Judicata And Stare Decisis

Neither res judicata nor stare decisis requires the Court to find in favor of the Plaintiff.  The United States Supreme Court held long ago that res judicata does not apply to customs classification cases.  See United States v. Stone & Downer Co., 274

U.S. 225, 233-37 (1927); <u>DaimlerChrysler Corp. v. United States</u>, 442 F.3d 1313, 1321 (Fed. Cir. 2006); <u>Avenues in Leather, Inc. v. United States</u>, 317 F.3d 1399 (Fed. Cir. 2003); <u>Schott Optical Glass, Inc. v. United States</u>, 750 F.2d 62, 64 (Fed. Cir. 1984). Moreover, "the doctrine of <u>stare decisis</u> applies to only legal issues and not issues of fact[.]"  <u>Avenues In Leather v. United States</u>, 423 F.3d 1326, 1331 (Fed. Cir. 2005). The determination of whether the subject merchandise falls within the description of a tariff provision, as is the case here, is a question of fact. <u>See</u> <u>id.</u> Thus, the Court rejects Plaintiff's arguments that <u>res judicata</u> and/or <u>stare decisis</u> requires a judgment in its favor.

### III. Material Facts Alleged To Be In Dispute

Customs argues that summary judgment should not be granted in favor of the plaintiff with respect to the merchandise imported under entry numbers 201-1338775-5 and 201-1338890-2. <u>See</u> Def.'s Mem. Supp. Opp'n Pl.'s Mot. Summ. J. ("Def.'s Opp'n") at 3. According to Customs, there exists a dispute as to a material fact with regard to these two entries because the commercial invoices[1]

---

[1]     Although Defendant states that the invoices for entry numbers 201-1338775-5 and 201-1338890-2 describe Certs Peppermint Standard with item number 35600-00 and Certs Spearmint Standard with item number 35650-00, this is inaccurate. <u>See</u> Def.'s Opp'n at 3.  The actual invoices for these two entries reflect item numbers 35600-40 and 35650-40 for Certs Peppermint Standard and Certs Spearmint Standard, respectively. <u>See</u> Pl.'s Mem., Exhibits M and N.  The Court will employ the item numbers appearing on the

describe the goods as "Certs Peppermint Standard" with corresponding item number 35600-40 and "Certs Spearmint Standard" with corresponding item number 35650-40 while the corresponding bills of lading describe the same goods as "Cool Mint Drops."[2] See Def.'s Opp'n at 3. Based on the conflicting evidence, Customs contends that there exists an issue of fact as to the identity of the goods covered in these two entries. See id. at 3.

Plaintiff counters that Defendant's position is in conflict with the record testimony for the test case because the invoices have the identical descriptions, product codes, and item numbers[3] as those in the test case, which were held by this Court to be Certs® Powerful Mints. See Pl.'s Reply Def.'s Mem. Opp'n Pl.'s Mot. Summ. J. ("Pl.'s Reply") at 1-3. Plaintiff also claims that Defendant's statements concerning the bills of lading are hearsay

invoices.

[2] Certs® Cool Mint Drops are also breath mints imported by WLC that contain sugar rather than artificial sweetener. The classification of Certs® Cool Mint Drops is currently pending litigation. See Warner Lambert Co. v. United States, 32 CIT __, Slip Op. 08-25 (March 3, 2008).

[3] Defendant notes that the item numbers appearing on the invoices for the entries at issue, 35600-40 and 35650-40 are not identical to the item numbers from the test case, which were 35600-00 and 35650-00. See Def.'s Opp'n at 2-3. As Plaintiff notes, however, Plaintiff's witness testified at trial in the test case that item numbers beginning with '356' indicate Certs® Powerful Mints. See Pl.'s Reply at 2-3. Thus, the item numbers 35600-40 and 35650-40 are consistent with item numbers for Certs® Powerful Mints.

and of no probative value.  See Pl.'s Reply at 9.

The Court finds, however, that Defendant has established that there exists a dispute as to a material fact.  "As the moving party, [Plaintiff has] the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party."  Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970).  Viewed in the light most favorable to Customs, the nonmoving party, the conflicting description of goods in the bills of lading could reasonably support a determination that the merchandise at issue is not Certs® Powerful Mints, but rather Certs® Cool Mint Drops.  The Court finds no merit to Plaintiff's conclusory claim that bills of lading are hearsay and of no probative value.  Commercial invoices, packing slips and bills of lading are all evidence which can aid the Court in reaching the proper classification.  See, e.g., Peterson Electro Musical Products v. United States, 7 CIT 293, 295 (1984).  Thus, this contradiction speaks to a material fact in dispute because if the goods were, in fact, Cool Mint Drops, as described in the bills of lading, the decision of the test case would not be dispostive in their classification.  See supra note 2.  Plaintiff cannot rest upon the trial court's findings of fact from the test case in this instance because there is no evidence that the trial court was presented with similar conflicting descriptions of the merchandise.

Accordingly, Court denies Plaintiff's motion for summary judgment with respect to entry numbers 201-1338775-5 and 201-1338890-2.

With respect to the remaining entries,[4] the Court finds that Plaintiff has successfully established that the goods are Certs® Powerful Mints based on the commercial invoices and packing slips for these entries, which are consistent with the trial court's finding of fact from the test case that "the subject merchandise was described on plaintiff's invoices as Powerful Mints Spearmint, Certs® Peppermint Standard, and Certs® Spearmint Standard but all constitute Certs® Powerful Mints." Warner-Lambert Co., 28 CIT at 789, 343 F. Supp. 2d at 1317. Moreover, consistent with the trial testimony from the test case, the item numbers and product codes for the goods covered in these remaining entries begin with "356" and "710," respectively, indicating that they are Certs® Powerful Mints.

Defendant nearly concedes that the remaining entries are classifiable in heading 3306, HTSUS, because Customs previously

---

[4]    The remaining entries consist of entry numbers 201-1667714-5, 201-1667816-8, 201-1667927-3, 201-1667970-3, 201-1668031-3, 201-1668358-0, 201-3033223-0, 201-1337537-0, 201-3034291-6, 201-1337894-5, 201-1337885-3, 201-1338169-1, 201-1339496-7, 201-1339256-5, 201-3036725-1, 201-1669985-9, 201-1670460-0, 201-1669761-4, 201-1669949-5, 201-1671009-4, 201-1341873-3, 201-1669537-8, 201-1669399-3 and 201-3033876-5 (hereinafter "remaining entries"). Excluded from the remaining entries are: (1) entry numbers 201-1338775-5 and 201-1338890-2 for reasons discussed, supra; (2) entry numbers 201-1669985-9 and 201-1669399-3 which were liquidated duty-free under the General System of Preference, see Pl.'s Mem. at 3, FN *, and (3) entry number 201-1337821-8, which Plaintiff abandons. See id..

approved other protests involving merchandise invoiced with item numbers 35650-40 and 35600-40. See Def.'s Opp'n at 3. Customs, however, insists that it approved those protests on the ground that the goods are sugar-free and not necessarily because they are Certs® Powerful Mints. See id. The Court finds this argument less than convincing. Sugar-free breath mints without more are not per se classifiable under Heading 3306, HTSUS, as an oral or dental hygiene product.

In short, the Court finds that Defendant failed to put forth any specific evidence to rebut Plaintiff's evidence that merchandise covered in the remaining entries are Certs® Powerful Mints. "[I]f the adverse party does not respond with specific evidence, summary judgment, if appropriate, shall be entered against the adverse party." Saab Cars USA Inc. v. United States, 434 F.3d 1359, 1369 (Fed. Cir. 2006) (internal quotation marks omitted)(quoting USCIT R. 56e). Accordingly, the Court holds that Customs incorrectly classified the remaining entries under subheading 1704.90.35, HTSUS, and grants summary judgment in favor of Plaintiff with respect to the remaining entries.

## IV. Plaintiff's Motion For Sanctions

Subdivision (b) of USCIT R. 11 provides:

(b) Representation to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after any inquiry reasonable under the circumstances, – (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Subdivision (c) of USCIT R. 11 provides, inter alia,:

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Plaintiff contends that Customs violated Rule 11(b) by filing certain unqualified denials in its Answer.[5]   See Pl.'s Mot.

---

[5]     In particular, Plaintiff objects to paragraphs 6, 25 and 38 of the Answer.  Plaintiff alleges in paragraph 6 of the Complaint that "[t]he merchandise in issue is Certs Powerful Mints."  Defendant denies this allegation.  See Answer ¶ 6.

    Plaintiff alleges in paragraph 25 of the Complaint that "[t]he merchandise in issue is Certs Powerful Mints identical to the merchandise involved in the Test Case."  Defendant denies this allegation.  See Answer ¶ 25.

    Plaintiff alleges in paragraph 38 of the Complaint that

Sanctions at 1-3. Arguing that the Answer filed in this case is contradictory to knowledge and information in Defendant's possession, Plaintiff claims Defendant caused unnecessary delay and needless increase in the cost of litigation in violation of USCIT R. 11(b)(1). See id. at 10. Plaintiff further argues that Defendant violated Rule 11(b)(3) by making allegations and factual contentions in the Answer that lack evidentiary support and are contrary to the evidence available to Defendant. See id. at 11. Moreover, Plaintiff argues that Defendant violated Rule 11(b)(4) because the denials of factual contentions are not warranted on the evidence and the denials for lack of information are contrary to the facts in the incorporated record. See id. Thus, Plaintiff seeks an award of attorneys' fees to Plaintiff's attorneys, along with compensation for expenses pursuant to Rule 11(c)(2). See id. Customs counters that it was not improper to deny the allegations of the Complaint because none of the answers were inaccurate and all of them had reasonable support. See Def.'s Resp. Pl.'s Mot. Sanctions at 1-5.

The Court has carefully considered Plaintiff's arguments, but

---

"[i]nasmuch as the imported merchandise in issue is identical with the merchandise involved in the Test Case, it must be classified as preparations for oral or dental hygiene under subheading 3306.90.00, HTSUS, as claimed herein." Defendant avers that "the allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denies." See Answer ¶ 38.

finds that Defendant's conduct in this litigation does not warrant imposition of sanctions. Defendant's responses to the allegations contained in the Complaint were not improper in light of the variations and contradictions in the description of the goods in the commercial invoices, bills of lading and packing slips.[6] There is insufficient evidence to demonstrate that the Answer was filed for an improper purpose such as to harass or to cause unnecessary delay and needless increase in the cost of litigation. The allegations and factual contentions in the Answer are sufficiently supported by evidence. The denials of factual contentions and the denials for lack of information are also consistent with the evidence. Indeed, it was not unreasonable for Customs to question the identity of the exact merchandise involved in the entries of this action.[7] In short, the Court is unconvinced that by engaging in the conduct which Plaintiff complains of Customs violated USCIT R. 11. As such, Plaintiff's motion for sanctions is denied.

---

[6] Moreover, the Answer was filed before the record of the test case was incorporated in the record of this action.

[7] It appears that at least one entry covered goods described as "Certs Spearmint Bulk" on the commercial invoice. The records of this case and the test case do not reflect any evidence that "Certs Spearmint Bulk" is the same as "Certs Powerful Mints."

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied with respect to entry numbers 201-1338775-5 and 201-1338890-2 and is granted with respect to the remaining entries. Plaintiff's motion for sanctions is also denied.


                                              /s/ Nicholas Tsoucalas
                                           NICHOLAS TSOUCALAS
                                           SENIOR JUDGE


Dated:     March 14, 2008
           New York, New York

**ERRATA**

<u>Warner-Lambert Co. v. United States</u>, Consol. Court No. 02-00520, Slip-Op. 08-31, dated March 14, 2008.

Page 1 of the Order, Paragraph 2, Line 6:  "201-1669985-9" should be deleted.

Page 1 of the Order, Paragraph 2, Line 8:  "201-1669399-3" should be deleted.

Page 1 of the Order, Paragraph 3, Line 2:  "1704.90.35" should read:  "3306.90.00"

March 14, 2008