Slip Op. 11-56

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SHAH BROTHERS, INC.,<br><br>                  Plaintiff,<br><br>                     v.<br><br>UNITED STATES,<br><br>                  Defendant. | Before: Pogue, Chief Judge<br><br>Court No. 10-00205 |

**OPINION**

[Defendant's motion to dismiss Count 3 and Count 4 of Plaintiff's Amended Complaint granted.]

Dated: May 17, 2011

Stein Shostak Shostak Pollack & O'Hara (Elon A. Pollack, Bruce N. Shulman, and Juli C. Schwartz) for the Plaintiff.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director; Barbara S. Williams, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Claudia Burke and Edward F. Kenny) for the Defendant.

**Pogue, Chief Judge:** This case concerns the U.S. Customs and Border Protection's ("Customs" or "CBP" or "the government") classification of Plaintiff Shah Bros.' imported merchandise, a smokeless tobacco product called "gutkha," that is subject to taxes as well as tariffs under the Harmonized Tariff Schedule of the

United States ("HTS") 2403.99.[1]  The facts at issue here are similar to those in Shah Brothers v. United States, Slip Op. 10-115, Court No. 09-00180, issued on October 6, 2010, which involved different entries of the same merchandise.  See Shah Brothers v. United States, __ CIT __, 751 F. Supp. 2d 1303 (2010)("Shah Bros. I").

The issues in the two cases are also almost identical. See Amend. Compl. ¶ 54 (alleging that the cases "involve[] identical issues").  In both cases, Plaintiff's complaints challenge CBP's classification and taxation of Plaintiff's gutkha (Counts 1 and 2), as well as the Alcohol and Tobacco Tax and Trade Bureau's ("TTB") "erroneous administration and enforcement" in the classification and taxation of said goods (Counts 3 and 4).

In Shah Bros. I, the government confessed judgment with regard to the classification and taxation of the goods, and the court dismissed the action with regard to TTB, concluding that jurisdiction pursuant to 28 U.S.C. § 1581(a) provided the appropriate remedy where Customs, not TTB, both administers and enforces the classification and taxation of Plaintiff's goods. Shah Bros. I at 1314-15.

Following the analysis in Shah Bros. I, the government now asks the court to dismiss Counts 3 and 4 of Plaintiff's amended complaint in this action for lack of subject matter jurisdiction.

---

[1]Under the HTS, smokeless tobacco is further classified as chewing tobacco (2403.99.2030) or snuff (2403.99.2040). 26 U.S.C. §§ 5701(e), 5702(m)(1)-(3)(2006).

Plaintiff contends that, unlike the situation in Shah Bros. I, jurisdiction over Counts 3 and 4 exists in this action because a recent amendment to 19 U.S.C. § 1514 divests Customs of final authority regarding tax collection, rendering section 1581(a) unavailable.

Because the court concludes that the amendment at issue does not alter Customs' responsibility as the final agency decision-maker, the court grants the government's request.

## BACKGROUND

### Shah Bros. I[2]

Gutkha, a "smokeless tobacco," is subject both to import tariffs in accordance with the HTS and to federal Internal Revenue excise taxes in accordance with 26 U.S.C. § 5701(e). Title 26 defines "smokeless tobacco" as "any snuff or chewing tobacco." 26 U.S.C. § 5702(m)(1).[3] Although the tariff rate for snuff and chewing tobacco is the same, the excise tax for snuff is higher than that for chewing tobacco. See id. at § 5701(e).

Customs is responsible for collecting both the tariffs and the excise taxes. See 6 U.S.C. § 215(1); 27 C.F.R. § 41.62; Treas. Order 100-16 (May 15, 2003). Nonetheless, in classifying

---

[2] Familiarity with the court's decision in Shah Bros. I is presumed. Some facts are summarized here for the reader's convenience.

[3] Title 26 also defines "chewing tobacco" as "any leaf tobacco that is not intended to be smoked." 26 U.S.C. § 5702(m)(3).

smokeless tobacco either as chewing tobacco or snuff, Customs considers determinations made by the TTB.

In Shah Bros. I, Shah Bros. classified its gutkha as "chewing tobacco" under HTSUS Subheading 2403.99.2030. Shah Bros. I at 1306. Customs changed the gutkha tariff classification and then liquidated the merchandise as "snuff," under HTSUS 2403.99.2040. Id. In response, Shah Bros., after using the statutory protest procedures, filed an action in this court challenging the government's decision. The government confessed judgment, agreeing to re-liquidation of the entries as chewing tobacco under HTS Subheading 2403.99.2030, and the court, in January 2010, entered judgment and ordered the re-liquidation of the entries. Def.'s Partial Mot. to Dismiss 3 ("Def.'s Mot. to Dismiss").

Following the court's entry of judgment, Shah Bros. then filed an amended complaint, alleging jurisdiction under 28 U.S.C. §§ 1581(i)(1) and (i)(4),[4] and claiming economic harm as a result

---

[4] In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for--

    (1) revenue from imports or tonnage;

    (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

    (3) embargoes or other quantitative restrictions

of TTB and CBP's actions.  Specifically, Shah Bros. challenged TTB's administration and enforcement of the relevant regulations and procedures in determining the classification of imported gutkha, claiming that TTB and Customs acted arbitrarily and contrary to law.  The court dismissed for lack of jurisdiction, concluding that CBP, not TTB, administers and enforces the taxes at issue here.  Therefore, Plaintiff's proper relief followed the statutory protest procedures, and since jurisdiction under 28 U.S.C. § 1581(a) was available and adequate, the court lacked jurisdiction under section 1581(i).

In addition to the entries in the prior lawsuit and the entries at issue here, other of Plaintiff's gutkha entries are currently subject to seizure and judicial forfeiture. Amend. Compl. ¶ 56.

**Shah Bros. II**

The merchandise at issue in this matter was entered in 2009 under Entry No. BGG-5253247-6.  CBP classified this entry as "snuff" under HTS Subheading 2403.99.2040, assessing a tax of $1.51/lb.  Plaintiff timely protested Customs' decision and the protest was denied. Amend. Compl. ¶ 57.  Plaintiff then filed its

---

on the importation of merchandise for reasons other than the protection of the public health or safety; or

   (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

28 U.S.C. § 1581(i).

complaint in this action, alleging jurisdiction under both section 1581(a) and 1581(i), and again challenging both CBP's denial of the protest as well as TTB's alleged actions.  In its amended complaint,[5] Plaintiff claimed that an amendment to 19 U.S.C. § 1514 now requires the court to review TTB's decisions, thus rendering Shah. Bros. I inapplicable as of April 2009, when the amendment was enacted. Amend. Compl. ¶ 9.

Plaintiff alleges that the statute, as amended, excludes tax assessment decisions from review by protest, thus precluding Plaintiff from exercising jurisdiction under 1581(a), and leaving 1581(i) jurisdiction as the only remaining avenue for judicial relief.

### STANDARD OF REVIEW

Whether jurisdiction exists is a question of law. Sky Techs. LLC v. SAP AG, 576 F.3d 1374, 1378 (Fed. Cir. 2009).  In resolving such a question, where the Defendant has moved to dismiss part of Plaintiff's action for lack of jurisdiction, the court accepts as true all factual allegations Plaintiff asserts, construing all material facts in the complaint in Plaintiff's favor. Warth v. Seldin, 422 U.S. 490, 501 (1975); Ritchie v. Simpson, 170 F.3d 1092, 1097 (Fed. Cir. 1999).  Nonetheless, Shah Bros., "[the] party seeking the exercise of jurisdiction in its favor[,] has the burden of establishing that [] jurisdiction

_____

[5]Plaintiff filed its complaint before the court issued its decision in Shah Bros. I, but filed its amended complaint after that decision.

exists." Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991) (citing KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936)).[6]

## DISCUSSION

Shah Bros. I controls the result here.  Here, as in Shah Bros. I, CBP's actions are reviewable under section 1581(a), which provides an available and adequate remedy.

As noted above, while Plaintiff concedes that the issues here are "identical" to those in Shah Bros. I, it contends that a 2009 amendment to 19 U.S.C. § 1514 divests Customs of final authority regarding tax collection, rendering section 1581(a) unavailable by impairing the court's ability to review TTB's "substantive" decisions. Amend. Compl. ¶¶ 9, 28.  The court disagrees.

The 2009 amendment does not alter CBP's authority to assess

---

[6] As a consequence, "[i]f a motion to dismiss for lack of subject matter jurisdiction[] . . . challenges the truth of the jurisdictional facts alleged in the complaint, the [] court may consider relevant evidence in order to resolve the factual dispute." Reynolds v. Army & Air Force Exchange Service, 846 F.2d 746, 747 (Fed. Cir. 1988).  Nonetheless, it remains Plaintiff's burden to present evidence to establish jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 446 (1942) ("if a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." (citation omitted)); Ritchie, 170 F.3d at 1099 ("a [plaintiff's] allegations alone do not conclusively establish standing. If challenged, the facts alleged which establish standing are part of the [plaintiff's] case, and[] . . . must be affirmatively proved." (citation omitted)).

and collect taxes; rather, the amendment only affects the statute

of limitations regarding tax collection.  19 U.S.C. § 1514 itself

concerns protests of Customs' decisions, including classification

and taxation.  As the government correctly explains, the

Children's Health Insurance Program Reauthorization Act of 2009

("CHIPRA"), which, in February 2009 amended 19 U.S.C. § 1514,

"did not change the substance of the types of protestable

actions." Def.'s Reply in Supp. of Partial Mot. to Dismiss 2.

Rather, the amendment changed only the statute of limitations for

the assessment and collection of taxes for tobacco products.  The

relevant portion of the statute currently reads:

> Except as provided in subsection (b) of this section,
> section 1501 of this title (relating to voluntary
> reliquidations), section 1516 of this title (relating to
> petitions by domestic interested parties), section 1520 of
> this title (relating to refunds), *and section 6501 of title
> 26 (but only with respect to taxes imposed under chapters 51
> and 52 of such title)*...decisions of the Customs Service
> ...shall be final and conclusive upon all persons (including
> the United States and any officer thereof) unless a protest
> is filed in accordance with this section...

19 U.S.C. § 1514(a)(emphasis added to reflect the amended

section).[7]

---

[7]"(1) IN GENERAL.--Section 514(a) of the Tariff Act of 1930
(19 U.S.C. 1514(a)) is amended by striking 'and section 520
(relating to refunds)' and inserting 'section 520 (relating to
refunds), and section 6501 of the Internal Revenue Code of 1986
(but only with respect to taxes imposed under chapters 51 and 52
of such Code)'." Children's Health Insurance Program
Reauthorization Act of 2009, Pub. L. No. 111-3, § 702(c)(1),123
Stat. 8, 110 (2009); see also TTB Federal Excise Tax Increase and
Related Provisions, available at
http://www.ttb.gov/main_pages/schip-summary.shtml (last visited
April 15, 2011).

The exception added to the statute, for "section 6501," refers to 26 U.S.C. § 6501, concerning limitations on assessment and collection of taxes under the Internal Revenue Code ("IRC"). Under section 6501, taxes must be assessed within three years after a return is filed. 26 U.S.C. § 6501(a). The exception is limited to Chapter 52 of the IRC, which concerns tobacco products, and thus, after the 2009 amendment, these tobacco products, along with the distilled spirits delineated under chapter 51 of the IRC, are now subject to section 6501. This change allows for a three-year statute of limitations for the assessment of taxes on such tobacco products.

The plain language of Section 6501 – which provides, in relevant part, that "any tax imposed by this title shall be assessed within 3 years after the return was filed . . . ." 26 U.S.C. §6501(a)– does not alter the protestability of Customs' assessment.

The legislative history confirms that the amendment changes only time limitations. Previously, there was a one-year time limit regarding these tobacco taxes; the 2009 amendment replaces the one-year limit with a three-year time limit previously applied to distilled spirits. A Congressional description of the provisions of the 2009 amendment explains the changes, clearly indicating that these changes address the applicable statute of limitations:

_____

> [t]he provision clarifies the tax and customs law in the
> area of alcohol and tobacco products by providing that,
> notwithstanding customs law, *the general statute of
> limitations* for assessment under the Code (sec. 6501)
> applies with respect to taxes imposed under chapters 51
> (relating to distilled spirits, wines, and beer) and 52
> (relating to tobacco products and cigarette papers and
> tubes) of the Code.

Joint Comm. on Taxation, DESCRIPTION OF THE REVENUE PROVISIONS OF THE

CHILDREN'S HEALTH INSURANCE PROGRAM REAUTHORIZATION ACT OF 2009 11 (JCX-1-

09) (Comm. Print Jan. 13, 2009), available at   www.jct.gov (last

visited Apr. 15, 2011)(emphasis added).

Despite the language of the amendment, and the legislative

history it reflects, Plaintiff contends that the plain language

of the statute and amendment dictate that the tobacco tax

assessment is not a final Customs decision, thus triggering

1581(i) jurisdiction since 1581(a) becomes unavailable if the tax

assessment is now non-protestable. Pl.'s Br. in Opp'n to Def.'s

Mot. to Dimiss at 6-7 ("Pl.'s Br.").  Plaintiff also argues that

even if the language is not clear, the "statutory scheme as a

whole" supports a view that if Congress meant to amend only time

limits, the amendment would have fallen under § 1514(c)(3), and

that legislative history and the heading of the amendment are not

as persuasive as the placement of the amendment under § 1514(a).

Id. at. 7-8.  Again the court disagrees.

Neither the language of the amendment itself nor the

legislative history surrounding it make any mention of Customs'

authority to assess such taxes or of granting TTB any additional

authority.  Rather, the amendment is a procedural alteration; it is not a substantive change in the law.

It follows that Customs' authority regarding the issues here remains as it was in Shah Bros. I.  So too does the court's lack of jurisdiction to review Counts 3 and 4 of Plaintiff's amended complaint, because these counts concern TTB's alleged actions, which are not final authority with regard to the issues presented.[8]  Plaintiff's adequate 1581(a) remedy thus remains, and 1581(i) jurisdiction is inapplicable.

Therefore, the jurisdictional issues presented in this case remain identical to the issues in Shah Bros. I.  With regard to the classification and taxation of Plaintiff's goods, however, because issue preclusion does not apply to classification cases, each entry is treated de novo in ensuing litigation before the court as to those entries. See United States v. Stone & Downer Co., 274 U.S. 225, 233-34 (1927) ("[T]he finding of fact and the construction of the statute and classification thereunder as against an importer [is] not res judicata in respect of a subsequent importation involving the same issue of fact and the same question of law."); Avenues in Leather, Inc. v. United States, 317 F.3d 1399, 1403 (Fed. Cir. 2003) ("Under the public policy adopted by the Supreme Court in Stone & Downer, each new entry is a new classification cause of action, giving the importer a new day in court."); Schott Optical Glass v. United

---

[8]See Shah Bros. I at 1310-12.

States, 750 F.2d 62, 64 (Fed. Cir. 1984) ("The opportunity to relitigate applies to questions of construction of the classifying statute as well as to questions of fact as to the merchandise." (citation omitted)).  Therefore, because these counts concern CBP's protestable decisions, the court has jurisdiction over and will review Counts 1 and 2 of Plaintiff's amended complaint.

## CONCLUSION

Accordingly, upon consideration of Defendant United States' Partial Motion to Dismiss Counts 3 and 4 of Plaintiff's Amended Complaint, Defendant's motion is hereby GRANTED.


                                     /s/ Donald C. Pogue
                               Donald C. Pogue, Chief Judge

Dated:    May 17, 2011
          New York, N.Y.