Slip Op. 13 - 157

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SHAH BROS., INC.,<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES,<br><br>    Defendant. | Before: Donald C. Pogue,<br>    Chief Judge<br><br>Court No. 10-00205 |

OPINION AND ORDER

[granting defendant's motion for entry of judgment in favor of
the plaintiff and dismissing as moot plaintiff's motion to
compel discovery]

Dated: December 27, 2013

        Elon A. Pollack, Bruce N. Shulman, and Juli C.
Schwartz, Stein Shostak Shostak Pollack & O'Hara, of Los
Angeles, CA, for the Plaintiff.

        Edward F. Kenny, Commercial Litigation Branch, Civil
Division, U.S. Department of Justice, of New York, NY, for the
Defendant.  Also on the briefs were Stuart F. Delery, Assistant
Attorney General, and Amy M. Rubin, Acting Assistant Director,
International Trade Field Office.


        **Pogue, Chief Judge:**  In this action, Plaintiff Shah

Bros., Inc. ("Shah Bros.") – an importer of a smokeless tobacco

product from India called "gutkha" – challenges the

classification of its merchandise by U.S. Customs and Border

Protection ("Customs") as "snuff" rather than "chewing tobacco."

Defendant United States ("the Government") has moved to confess

judgment in favor of Shah Bros., reliquidate the entry at issue as chewing tobacco, and refund to Shah Bros. all excess duties and taxes paid, along with lawful interest.[1]  Shah Bros. opposes the Government's motion, seeking to litigate its claim for declaratory and injunctive relief regarding the Government's decision-making process, in hopes of establishing grounds for future issue preclusion.[2]  As explained below, because the Government's agreement to provide all legally available relief to Shah Bros. both ends the concrete controversy between the parties and provides the Plaintiff with all available redress, Shah Bros.' claim regarding the Government's decision-making methodology is no longer justiciable.  Accordingly, the Government's motion for an entry of judgment in the Plaintiff's favor is granted, judgment shall be so entered, and Shah Bros.' outstanding motion to compel discovery[3] is dismissed as moot.

**DISCUSSION**

Customs classified Plaintiff's merchandise – as "snuff" – under Subheading 2403.99.2040 of the Harmonized Tariff

---

[1] Def.'s Mot. for Entry of Confession of J. in Pl.'s Favor, ECF No. 81 ("Def.'s Mot. to Confess J.").

[2] Pl.'s Opp'n to Def.'s Mot. for Entry of Confession of J. in Pl.'s Favor, ECF No. 89 ("Pl.'s Resp. to Def.'s Mot. to Confess J.").

[3] [Pl.'s] Mot. to Compel Disc., ECF No. 65.

Schedule of the United States ("HTSUS").[4]  In protesting this classification, Shah Bros. contends that the merchandise should have been classified as "chewing tobacco" under HTSUS Subheading 2403.99.2030.[5]  The Government now agrees. Def.'s Mot. to Confess J. at 2.  Accordingly, no live case or controversy remains regarding the classification, duties, or taxes owed for the merchandise in question.[6]  Because this Court decides legal questions only in the context of actual cases or controversies,[7] the Government's agreement to reliquidate the subject entry as

---

[4] See Am. Compl. ¶ 57.

[5] Id. at ¶ 92(a).  Classification as "chewing tobacco" rather than "snuff" does not alter the applicable tariff rate but does lower the applicable excise tax. See HTSUS 2403.99.20; 26 U.S.C. § 5701(e)(1)-(2).  The gutkha imported by Shah Bros. "is a grayish/beige substance consisting of dry rough chunks of betel nut pieces and bits of tobacco leaf, coated with a powdered blend of the spices." Am. Compl. ¶ 36.  "Snuff" is defined as "any finely cut, ground, or powdered tobacco that is not intended to be smoked," 26 U.S.C. § 5702(m)(1), whereas "chewing tobacco" is "any leaf tobacco that is not intended to be smoked." Id. at § 5702(m)(3).  According to Shah Bros., its gutkha "is not finely cut, ground or powdered," and when "the gutkha is rinsed in a fine mesh strainer, the spice coating is washed off, and the remaining components, i.e., crushed betel nut and tobacco leaf, are plainly visible and identifiable as such." Am. Compl. ¶ 36.

[6] See also Shah Bros., Inc. v. United States, __ CIT __, 770 F. Supp. 2d 1367 (2011) (dismissing Shah Bros.' additional claims against the Alcohol and Tobacco Tax and Trade Bureau).

[7] See U.S. Const. art. III, § 2; Alvarez v. Smith, 558 U.S. 87, 93 (2009) (holding that an abstract legal dispute regarding the lawfulness of Governmental procedures "falls outside the scope of the constitutional words 'Cases' and 'Controversies'" when such dispute "is no longer embedded in any actual controversy").

"chewing tobacco" under HTSUS Subheading 2403.99.2030 concludes this litigation. See, e.g., Atteberry v. United States, 31 CIT 133, 154 (2007) (not reported in the Federal Supplement) ("Where – as here – the Government is willing to provide all the relief legally available to Plaintiff by reliquidating Plaintiff's merchandise as [requested in the complaint], there is no longer a case or controversy between the parties . . . .").

Shah Bros. opposes the entry of judgment in its favor, seeking to press its challenge to the Government's legal process in order to establish grounds for issue preclusion in collateral or future litigation involving the classification of its merchandise. See Pl.'s Resp. to Def.'s Mot. to Confess J.  But because the Government has agreed to reliquidate the merchandise at the tariff and tax rates requested in Shah Bros.' amended complaint, Shah Bros.' claims regarding the Government's methodology for arriving at the initial classification are "no longer embedded in any actual controversy." Alvarez, 558 U.S. at 93.  Such claims pose precisely the sort of abstract legal questions that "fall[] outside the scope of the constitutional words 'Cases' and 'Controversies.'" Id.[8]  "If a dispute is not a

_____

[8] In any event, "collateral estoppel does not [generally apply in] successive litigation over the classification of merchandise, even when the subsequent importations involve the same issues of fact and the same questions of law." DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1321
                                            (footnote continued)

proper case or controversy, the courts have no business deciding

it, or expounding the law in the course of doing so."

DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006).

        Shah Bros. also contends that this case must be

litigated, notwithstanding the Government's agreement to

reliquidate in accordance with the relief requested, because the

claimed misclassification is "capable of repetition, yet evading

review." Pl.'s Resp. to Def.'s Mot. to Confess J. at 3 (quoting

Wilsey Foods, Inc. v. United States, 18 CIT 85, 86 (1994) (not

reported in the Federal Supplement)).  This phrase is rooted in

a line of cases holding that defendants may not escape judicial

review by engaging in short-term conduct whose effect on would-

be plaintiffs' rights is irrevocably finalized before litigation

can reach the merits, leaving plaintiffs without any chance of

redress.[9]  The case relied on by Shah Bros., for example,

_____

(Fed. Cir. 2006) (internal quotation marks, citation, and
footnote omitted).  The sole recognized exception to this
principle – applied in granting preclusive effect to a prior
holding that invalidated a Customs regulation, Gulfstream
Aerospace Corp. v. United States, 21 CIT 1083, 1094,
981 F. Supp. 654, 665 (1997) ("To ensure equal treatment to
. . . all importers, the Court finds that the [regulation]
validity issue adjudicated in [a prior case] must be preclusive
against the Customs Service.") – is not applicable here, though
the policy considerations announced in that decision may be
relevant in the event of another dispute between the parties
regarding the classification of Shah Bros.' gutkha.

[9] See, e.g., Moore v. Ogilvie, 394 U.S. 814, 816 (1969) (holding
that because the burden placed by a State on the nomination of

                                              (footnote continued)

involved the classification and exclusion of perishable merchandise; when the excluded merchandise spoiled and was consequently destroyed, the Government argued that there was no longer a live controversy. Rejecting the Government's argument, the court declined to dismiss the case as moot because doing so would have left the importer without any chance of redress, as any future excluded merchandise would similarly perish before the court could rule on the legality of its classification and exclusion. See Wilsey, 18 CIT at 88.

This is not such a case. Here, a judgment in Shah Bros.' favor will ensure that its merchandise is assessed the tariff and tax rates requested in its amended complaint.[10] Shah Bros. will be refunded all excess duties and taxes paid, along

---

candidates for statewide offices controlled future elections, the fact that the election in question had already been held and could not be redone did not moot an action for declaratory relief challenging the legality of this burden because "[t]he problem [was] therefore 'capable of repetition, yet evading review'") (quoting S. Pac. Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 515 (1911) (denying motion to dismiss case as moot after the challenged agency order expired because such short-term orders are "capable of repetition, yet evading review," and because permitting the case to go forward would prevent a situation where parties "have their rights determined by the [agency] without a chance of redress")).

[10] Compare Am. Compl. ¶ 92(a) (requesting the court to enter judgment in Shah Bros.' favor and hold the imported gutkha to be chewing tobacco under HTSUS Subheading 2403.99.2030), with Def.'s Mot. to Confess J. at 2 (moving to confess judgment in favor of Shah Bros., reliquidate the entry in question, and refund to Shah Bros. all excess duties and taxes paid along with lawful interest).

with lawful interest.  Contrary to Shah Bros.' characterization, terminating this litigation by entering judgment in Shah Bros.' favor would not "leave the defendant . . . free to return to [its] old ways."[11]  Nor is this a case where litigation on the merits is necessary to prevent the Government from affecting the Plaintiff's rights without a chance for redress.  On the contrary, Shah Bros. will be redressed in full, being refunded all duties and taxes paid in excess of those owed for merchandise entered as chewing tobacco.  And if or when another controversy involving the classification of Shah Bros.' merchandise arises, Shah Bros. is free to litigate the matter and obtain all redress lawfully available to it.

---

[11] See Pl.'s Resp. to Def.'s Mot. to Confess J. at 3 (quoting Lizarraga Customs Broker v. Bureau of Customs & Border Prot., No. 08-00400, 2010 WL 3859766, at *6 (CIT Oct. 4, 2010) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (discussing the well-settled principle that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice" unless it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur") (internal quotation marks and citations omitted))). Here, the Government is not merely voluntarily ceasing a challenged practice.  It is conceding the case and will be bound by the judgment against it.  As to the Government's classification of any future entries of Shah Bros.' merchandise, such action may be challenged – and, as appropriate, redressed – regardless of whether judgment is entered in this case pursuant to Defendant's confession thereto or a complete litigation on the merits. See, e.g., Avenues in Leather, Inc. v. United States, 317 F.3d 1399, 1403 (Fed. Cir. 2003) ("[E]ach new entry is a new classification cause of action, giving the importer a new day in court.") (citation omitted).

Accordingly, the Government having agreed to redress the Plaintiff in full, no controversy or injury remains for the court to address. Defendant's motion for entry of judgment in Plaintiff's favor must therefore be granted and Plaintiff's motion to compel discovery must be dismissed as moot.

## CONCLUSION

As explained above, because the Government has agreed to provide all the relief that is legally available to Shah Bros. – by reliquidating the merchandise in question at the tariff and tax rates claimed in the amended complaint – no live controversy remains between the parties. Absent a live controversy, this Court will not rule on an abstract question regarding the lawfulness of the Government's methodology for classifying the merchandise that it has now agreed to reclassify. Accordingly, judgment shall be entered for the Plaintiff. Plaintiff's outstanding motion to compel discovery is dismissed as moot.

It is SO ORDERED.

_____/s/ Donald C. Pogue_____
Donald C. Pogue, Chief Judge

Dated: December 27, 2013
       New York, NY